IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT D. CATES, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 11-00349-CV-W-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This case involves the appeal of a final decision of the Secretary denying plaintiff's application for supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq., and his application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et seq. Pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), this Court may review the final decisions of the Secretary. Pending before the Court at this time are plaintiff's brief, and defendant's reply brief in support of the administrative decision. For the reasons stated herein, the Secretary's decision will be remanded pursuant to sentence four of 42 U.S.C. §405(g).

Standard of Review

Judicial review of disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v.

1

Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. A disabling impairment is one which precludes engaging "in any substantial gainful activity [for at least twelve months] by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A finding of "not disabled" will be made if a claimant does not "have any impairment or combination of impairments which significantly limit [the claimant's] physical or mental ability to do basic work activities. . . ." 20 C.F.R. § 404.1520.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well-settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

Discussion

Plaintiff was 52 years old at the time of the hearing before the ALJ. He completed the 10th grade. He has past relevant work as an automobile mechanic. He alleges disability due to chronic obstructive pulmonary disease ["COPD"].

The ALJ found that plaintiff had not engaged in substantial gainful activity since April 2, 2008, the alleged onset date. It was the ALJ's finding that plaintiff has severe impairments of COPD, tobacco dependence, and status post repair of fingertip amputation of the index and long fingers of the left hand. He found that these impairments caused significant limitations in plaintiff's ability to perform basic work activities, but that he did not have an impairment or combination of impairments that met or medically equaled a listed impairment. He found that plaintiff was not totally credible. The ALJ found that plaintiff could not perform his past relevant work, but could perform a limited range of light work with exertional and non-exertional limitations. Therefore, he found that plaintiff was not under a disability under the Act.

The record indicates that there was a subsequent fully favorable decision in this case. On February 4, 2011, the Social Security Administration found that plaintiff was entitled to monthly benefits beginning October, 2010, based on a finding that he became disabled on May 1, 2010, the day after the date of the decision being appealed in this case.

Plaintiff asserts that this decision should be remanded for further review based on the subsequent fully favorable decision. [Plaintiff's Attachment, Social Security Administration's Notice of Award, dated February 4, 2011].

It is defendant's position that the relevant period of consideration in the case before this

Court is April 2, 2008, through April 30, 2010. It is asserted that the fact that plaintiff was subsequently awarded benefits has little, if any, bearing on whether the ALJ's decision in the instant case is supported by substantial evidence in the record. Defendant submits that the administration's computer records indicate that plaintiff's subsequent award was based on a primary diagnosis of disorders of the back, and a secondary diagnosis of COPD. It is noted that the back impairment was not alleged in the instant case. Defendant contends that the ALJ properly determined that plaintiff was not disabled during the time period relevant to this claim, and that the decision of the ALJ should be affirmed.

In the instant case, the ALJ found that COPD was a severe impairment. He noted that plaintiff initially sought treatment in April of 2008, and that he was diagnosed with severe obstructive airway disease after undergoing a pulmonary function test in June of 2008. The ALJ observed that plaintiff continued follow-up care for his COPD, and that he tried Chantrix medication in an attempt to quit smoking. Although he cut back significantly, he then returned to smoking more heavily. The record indicates that he continued to make some effort to quit smoking, and was advised by his doctor to do so. The medical records also indicate that plaintiff continued to experience fatigue and shortness of breath on exertion; that another pulmonary function test in January of 2009 showed airway abnormality, and a CT scan of the chest showed emphysemic changes. The record also indicates that plaintiff was treated in the emergency room in February of 2009 for bronchitis; that he continued to experience shortness of breath; and that he was treated again in November of 2009 for bronchitis, allergic rhinitis and uncontrolled COPD. Plaintiff's Advair dosage was increased and Atrovent medication was added, and he was advised to use Albuterol as needed. Plaintiff was again advised to stop smoking, and he advised

4

his doctor he was smoking less. He was also experiencing more fatigue, which he reported to his treating physician. The ALJ found that despite his breathing problems, plaintiff's pulmonary function tests were above the listed level, and that he did not suffer from a disabling pulmonary condition.

Plaintiff requests remand based on the subsequent favorable decision. In that decision, plaintiff was found to be disabled on May 1, 2010, the day after the date of the decision being appealed in this case. According to defendant, the agency records indicate that he was found to be disabled primarily due to a back condition and secondarily because of COPD. This decision raises concern regarding the finding in this case that plaintiff was not disabled because of COPD for the time period ending on April 30, 2010. Based on the record before it, the Court cannot say that there is substantial evidence in the record as a whole to support the ALJ's decision that plaintiff was not disabled during the relevant time period in this case. It is unclear from this record the extent of plaintiff's limitations due to COPD, which was found to be a disabling impairment on May 1, 2010.

Therefore, the proper course is to defer to the ALJ, and remand the case for further consideration of plaintiff's claim for benefits based on COPD.

In this case, upon a full review of the administrative record and the parties' briefs, the Court finds the record is inconclusive as to whether plaintiff was disabled during the time period in question. Therefore, it must be ordered that the case be remanded for further consideration.

It is hereby

ORDERED, ADJUDGED AND DECREED that the decision of the Commissioner be reversed, and that this matter be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to

5

the Commissioner for further proceedings consistent with this opinion.

                                                  /s/ James C. England
                                                   JAMES C. ENGLAND
                                                United States Magistrate Judge

Date: July 12, 2012